IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02001

**PHILIP HUNTLEY,**

    **Plaintiff,**

v.

**DIRECT SIGN WHOLESALE, LLC,**
a Colorado limited liability corporation,

    **Defendant.**

---

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, PHILIP HUNTLEY ("Plaintiff" or "Huntley") and files his complaint against Defendant, DIRECT SIGN WHOLESALE, LLC ("Defendant") and in support he states the following:

### NATURE OF THE ACTION

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Workers' Compensation Act of Colorado, C.R.S. 8-40-102, *et seq.* and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-401, *et seq.* ("CADA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and hostile work environment because of his sex and sexual orientation, and retaliation following his engagement in protected activity and his attempt to exercise his statutory rights, leading to Plaintiff's unlawful termination under pretext.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff is a citizen of the United States and, at all times material, his primary residence was in Boulder County, Colorado.

6. Defendant is a domestic limited liability company with its principal place of business located in Denver, Colorado.

7. Plaintiff last worked for Defendant at its 1100 E. 64th Ave., Denver, Colorado 80229 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about December 10, 2020, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division

("CCRD"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on sex, sexual orientation, and retaliation.

11. Plaintiff's charge was filed within one hundred and eighty days after the unlawful employment practices occurred.

12. On June 15, 2021, the EEOC issued Plaintiff a Notice of Right to Sue upon his request.

13. This complaint was filed within ninety (90) days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant as an Operations Manager from November of 2019 until his wrongful termination on or about September 8, 2020.

15. Plaintiff was a full-time employee who regularly worked, or exceeded, forty (40) hours per week.

16. Plaintiff's direct supervisor during his employment with Defendant was Chris Rogers, Vice President of Operations.

17. Mr. Rogers subjected Plaintiff to harassment and discrimination based on his sex and sexual orientation.

18. Plaintiff is a bisexual male.

19. Mr. Rogers would regularly ask Plaintiff inappropriate and sexually charged questions including, but not limited to, asking about the size of his penis, what his sexual orientation is, has he done "things" with other men, and if he would consider being a swinger.

20. Plaintiff did not voluntarily engage in these conversations with Mr. Rogers and informed him that the comments were inappropriate and unwelcome, yet Mr. Rogers did not stop.

21.     Plaintiff was not the only individual Defendant discriminated against. Plaintiff was informed on a number of occasions that he was not permitted to hire female employees. Plaintiff was given this directive by Mr. Rogers at the behest of Mike Jean, Owner, due to past sexual harassment issues.

22.     Throughout the course of his employment, Plaintiff made numerous verbal complaints regarding discrimination, harassment and the hostile work environment which was created by Mr. Rogers to Mr. Rogers as well as Jimmy Maez, Acting Human Resources Director.

23.     Defendant never took any action to address Plaintiff's complaints. Instead, following one of Plaintiff's complaint Mr. Jean informed him that by complaining Plaintiff was "being too emotional."

24.     In addition to the sexual harassment and inappropriate questions based on Plaintiff's sexual orientation, Mr. Rogers also failed to properly address a workplace injury Plaintiff suffered in August 2020.

25.     Plaintiff immediately reported the workplace injury to Mr. Rogers when it occurred. Yet rather than addressing the injury, Mr. Rogers replied, "suck it up because you can't leave." Mr. Rogers did not fill out an incident report or provide Plaintiff with any information about filing a worker's compensation claim.

26.     When it became clear his verbal complaints were not going to be addressed, Plaintiff decided to escalate his concerns by putting them in writing. On September 8, 2020, Plaintiff emailed a written complaint to Mr. Maez.

27.     In his complaint, Plaintiff reiterated all of the discriminatory actions he had complained about in the past, and he ended his email stating, "I am not quitting but am stating that I have reported these and other issues to the company before. I am considering seeking out legal

help. If the company would like to come to agreeable terms I would be open to possibly working something mutual out to part ways on this matter."

28. Mr. Maez initially replied to Plaintiff's complaint simply stating, "You know I have to send this to Mike and John?" Mr. Mae later sent a more detailed response and ended his email stating, "We will accept your resignation immediately as you feel you will be harassed and not comfortable coming back to work…"

29. Plaintiff replied to Mr. Maez's email reiterating that he was not quitting and nowhere in his complaint did he state he was resigning. However, Defendant moved forward with Plaintiff's separation and terminated his employment in retaliation for his protected complaint.

30. Defendant's unlawful termination of Plaintiff's employment was in close temporal proximity to Plaintiff's protected complaints.

31. Defendant knew or should have known of the discrimination, harassment, and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

32. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex and his sexual orientation.

33. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

34. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: Sexual Harassment in Violation of Title VII

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

38. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male, and his sexual orientation, bisexual.

39. Defendant's sexually harassing actions were so frequent and severe that it created a hostile work environment.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages and lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

41. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT II: Sexual Orientation Discrimination in Violation of Title VII

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

43. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male, and his sexual orientation, bisexual.

44. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his sex and his sexual orientation regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

45. Defendant violated Title VII by terminating and discriminating against Plaintiff based on his sex and his sexual orientation.

46. Defendant intentionally discriminated against Plaintiff based on his sex and his sexual orientation.

47. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII Plaintiff has suffered and continues to suffer, lost wages and lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

48. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT III: Retaliation in Violation of Title VII

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

50. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

51. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

52. Defendant's conduct violated Title VII.

53. Defendant's discriminatory conduct, in violation of Title VII has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

54. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

55. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### COUNT IV: Sexual Harassment in Violation of CADA

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

57. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male, and his sexual orientation, bisexual.

58. Defendant's sexually harassing actions were so frequent and severe that it created a hostile work environment.

59. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of CADA Plaintiff has suffered and continues to suffer, lost wages and lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

60. Defendant's unlawful conduct in violation of CADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## **COUNT V: Sexual Orientation Discrimination in Violation of CADA**

61. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

62. At all times relevant to this action, Plaintiff was in a protected category under CADA because of his sex, male, and his sexual orientation, bisexual.

63. Defendant is prohibited under CADA from discriminating against Plaintiff because of his sex and his sexual orientation regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

64. Defendant violated CADA by terminating and discriminating against Plaintiff based on his sex and his sexual orientation.

65. Defendant intentionally discriminated against Plaintiff based on his sex and his sexual orientation.

66. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of CADA Plaintiff has suffered and continues to suffer, lost wages and lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful conduct in violation of CADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT VI: Retaliation in Violation of CADA

68. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

69. Plaintiff engaged in protected activity under CADA while employed by Defendant.

70. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

71. Defendant's conduct violated CADA.

72. Defendant's discriminatory conduct, in violation of CADA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

73. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

74. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT VII: Wrongful Discharge in Violation of Public Policy

75. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-36 above.

76. At all times relevant hereto, Plaintiff was employed by Defendant.

77. During the course of his employment with Defendant, Plaintiff suffered a work-related injury.

78. As a result of that injury, Plaintiff inquired about filing a claim pursuant to the Workers' Compensation Act of Colorado, C.R.S. 8-40-102, *et seq*.

79. The WCAC cites public policy that truly impacts the public based on the Colorado General Assembly's intent to "assures the quick and efficient delivery of disability and medical benefits to injured workers." C.R.S, 8-40-102.

80. Moreover, the WCAC was enacted for the protection of the public at-large, thereby serving a public interest

81. The WCAC as cited herein provides statutory support for Plaintiff's common law tort claim for wrongful discharge in violation of public policy.

82. In accordance with the WCAC Plaintiff sought coverage for his work-related injury.

83. Defendant terminated Plaintiff in retaliation for his exercise of statutory rights.

84. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in the form of lost past and future salary and benefits as well as other economic losses.

85. Defendant's actions in terminating Plaintiff were willful or done with reckless indifference to Plaintiff's rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

s/ Gabrielle E. Klepper
Gabrielle E. Klepper
CO Bar Number 48229
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33609
Telephone: (800) 9655-1570
E-mail: gabrielle.klepper@spielbergerlawgroup.com

*Attorney for Plaintiff*